Mark C. Scarsi (SBN 183926)
mscarsi@milbank.com
Miguel J. Ruiz (SBN 240387)
mruiz@milbank.com
Ashlee N. Lin (SBN 275267)
ashlee.lin@milbank.com
MILBANK, TWEED, HADLEY &
McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California  90017-5735
Telephone:      (213) 892-4000
Facsimile:      (213) 629-5063

*Attorneys for Plaintiff Apple Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., | Case No. 5:14-cv-02838-LB |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |
| WI-LAN, INC., OPEN NETWORK SOLUTIONS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Apple Inc. ("Apple") for its First Amended Complaint against Wi-LAN, Inc. and Open Network Solutions, Inc. ("ONS" and together with Wi-LAN, "Defendants") hereby demands a jury trial and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability of United States Patent Nos. 8,457,145 (the "'145 Patent"); 8,462,723 (the "'723 Patent"); 8,462,761 (the "'761 Patent"); 8,615,020 (the "'020 Patent"); 8,537,757 (the "'757 Patent") (collectively, the "Wi-LAN Patents-In-Suit") and United States Patent Nos.

1  6,745,259 (the "'259 Patent"); 6,907,476 (the "'476 Patent") (collectively, the "ONS Patents-In-
2  Suit") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and the patent laws of
3  the United States, 35 U.S.C. § 100 et seq., and for such other relief as the Court deems just and
4  proper.

5  **PARTIES**

6  2.      Plaintiff Apple is a corporation organized and existing under the laws of California,
7  with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

8  3.      On information and belief, defendant Wi-LAN  is a corporation organized and
9  existing under the laws of Canada and having its principal place of business at 303 Terry Fox
10 Drive, Suite 300, Ottawa, Ontario, Canada.

11 4.      On information and belief, defendant ONS is a wholly-owned subsidiary of Wi-
12 LAN, with a place of business at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

13 5.      As alleged herein, Defendants have engaged in various acts in and directed to
14 California.

15 **JURISDICTION AND VENUE**

16 6.      This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,
17 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq.
18 Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

19 7.      Wi-LAN purports to be the owner of all rights, title, and interest in and to the Wi-
20 LAN Patents-In-Suit.  Wi-LAN has made statements alleging that Apple infringes the Wi-LAN
21 Patents-In-Suit and demanding that Apple license the Wi-LAN Patents-In-Suit.  Furthermore,
22 Wi-LAN has demonstrated its ability and willingness to file suit through its initiation of multiple
23 lawsuits against Apple and other similarly situated companies.  Apple has not infringed and does
24 not infringe, either directly or indirectly, any valid and enforceable claim of any of the Wi-LAN
25 Patents-In-Suit, either literally or under the doctrine of equivalents, nor is Apple aware of any
26 infringement of any of the Wi-LAN Patents-In-Suit.  A substantial controversy exists between
27 the parties which is of sufficient immediacy and reality to warrant declaratory relief.

28 8.      This Court has personal jurisdiction over Wi-LAN.  Wi-LAN has conducted

business in and directed to California, including pertaining to the Wi-LAN Patents-In-Suit, and has engaged in various acts in and directed to California.  Additionally, Wi-LAN purchased the Wi-LAN Patents-In-Suit (or underlying patent applications) from the inventors and/or former assignees believed to be located in California.  Wi-LAN is in the business of asserting patent infringement claims and suing companies for patent infringement.  In connection with that business, Wi-LAN has targeted and met with companies in Santa Clara County, including Apple.

9.      ONS purports to be the owner of all rights, title, and interest in and to the ONS Patents-In-Suit.  ONS has made statements alleging that Apple infringes the ONS Patents-In-Suit and demanding that Apple license the ONS Patents-In-Suit.  Furthermore, ONS has demonstrated its ability and willingness to file suit through its initiation of multiple lawsuits against companies similarly situated to Apple.  Apple has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the ONS Patents-In-Suit, either literally or under the doctrine of equivalents, nor is Apple aware of any infringement of any of the ONS Patents-In-Suit.  A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

10.    This Court has personal jurisdiction over ONS.  ONS has conducted business in and directed to California, including pertaining to the ONS Patents-In-Suit, and has engaged in various acts in and directed to California.  ONS is in the business of asserting patent infringement claims and suing companies for patent infringement.  In connection with that business, ONS has targeted and corresponded with companies in Santa Clara County, including Apple.

## BACKGROUND OF PARTIES

11.    Apple is an American multinational corporation and leading designer and manufacturer of mobile communication devices, personal computers, and portable digital media players.  As a result of its significant investment in research and development, Apple has developed innovative technologies that have changed the face of the computer and telecommunications industries.  For example, when Apple introduced the first iPhone in 2007, it revolutionized the way people view mobile phones.

12.     Apple introduced another revolutionary product, the iPad, in 2010.  The iPad is an elegantly designed computer tablet with a color touch screen, a user interface similar to the iPhone's user interface, and robust functionality that includes mobile computing, media storage and playback, and cellular connectivity.  Because of its innovative technology and distinctive design, the iPad achieved instant success.

13.     Since 2006, Wi-LAN has been solely in the business of acquiring and asserting patents.  Wi-LAN's business model revolves around threatening to initiate litigation against technology companies to extract licensing fees.  If a company fails to take a license, Wi-LAN initiates litigation.  Wi-LAN has used this approach on over 275 companies.

14.     Since 2007, Wi-LAN has sued Apple on at least four other occasions.  On October 31, 2007 Wi-LAN sued Apple, and over 25 other defendants, asserting infringement of U.S. Patent Nos. 5,282,222 and RE37,802.  (*Wi-LAN Inc. v. Acer, Inc.*, E.D. Tex. Case No. 2:07-cv-00473.)  On September 1, 2011, Wi-LAN again sued Apple and nine other defendants asserting infringement of U.S. Patent Nos. 5,282,222 and RE37,802.  (*Wi-LAN Inc. v. Apple Inc. et al.,* E.D. Tex. Case No. 6:11-cv-453.)  On December 12, 2012, Wi-LAN filed two new suits against Apple: one case in the Eastern District of Texas asserting infringement of U.S. Patent No. 6,381,211 and one in the Southern District of Florida asserting infringement of U.S. Patent Nos. 8,315,640 and 8,311,040 ("Wi-LAN LTE Litigation").  (*See Wi-LAN Inc. v. Apple Inc.*, E.D. Tex. Case No. 6:12-cv-920; *Wi-LAN Inc. v. Apple Inc.*, S.D. Fla. Case No. 1:12-cv-24318.)

15.     On or around June 16, 2014 while the Wi-LAN LTE Litigation was still pending, Wi-LAN sent an email to Apple putting Apple on notice of infringement of the Wi-LAN Patents-In-Suit, alleging infringement by Apple products such as the iPhone and iPad (the "Wi-LAN Notice Letter").  Most of the Wi-LAN Patents-In-Suit are included in the same patent family as one of the patents at issue in the Wi-LAN LTE Litigation.

16.     Given the contents of the Wi-LAN Notice Letter, Wi-LAN's prior litigation history with Apple, and the relationship of the Wi-LAN Patents-In-Suit to one of the patents in the current Wi-LAN LTE Litigation, there is an actual case or controversy regarding whether Apple infringes the Wi-LAN Patents-In-Suit and whether the Wi-LAN Patents-In-Suit are valid.

17.    ONS is a wholly-owned subsidiary of Wi-LAN solely in the business of acquiring and asserting patents.  ONS's business model revolves around threatening to initiate litigation against technology companies to extract licensing fees.  If a company fails to take a license, ONS initiates litigation.  ONS has initiated litigation against over fifteen technologies companies in the past several weeks asserting the ONS Patents-In-Suit.

18.    On or around June 13, 2014, ONS sent an email to Apple putting Apple on notice of infringement of the ONS Patents-In-Suit, alleging infringement by Apple products such as the iPhone and iPad (the "ONS Notice Letter").

19.    Given the contents of the ONS Notice Letter and ONS's recent litigation history related to the ONS Patents-In-Suit, there is an actual case or controversy regarding whether Apple infringes the ONS Patents-In-Suit and whether the ONS Patents-In-Suit are valid.

**THE PATENTS-IN-SUIT**

20.    The '145 Patent is entitled "Method and Apparatus for Bandwidth Request/Grant Protocols in a Wireless Communication System" and bears an issuance date of June 4, 2013.  A copy of the '145 Patent is attached hereto as Exhibit 1.

21.    The '723 Patent is entitled "Method and Systems for Transmission of Multiple Modulated Signals Over Wireless Networks" and bears an issuance date of June 11, 2013.  A copy of the '723 Patent is attached hereto as Exhibit 2.

22.    The '761 Patent is entitled  "Method and System for Adaptively Obtaining Bandwidth Allocation Requests" and bears an issuance date of June 11, 2013.  A copy of the '761 Patent is attached hereto as Exhibit 3.

23.    The '020 Patent is entitled "Method and System for Adaptively Obtaining Bandwidth Allocation Requests" and bears an issuance date of December 24, 2013.  A copy of the '020 Patent is attached hereto as Exhibit 4.

24.    The '757 Patent is entitled "Adaptive Call Admission Control for Use in a Wireless Communication System" and bears an issuance date of September 17, 2013.  A copy of the '145 Patent is attached hereto as Exhibit 5.

25.    The '259 Patent is entitled "Open Network System for I/O Operation Including a

Common Gateway Interface and an Extended Open Network Protocol with Non-Standard I/O Devices Utilizing Device and Identifier for Operation to be Performed with Device" and bears an issuance date of June 1, 2004.  A copy of the '259 Patent is attached hereto as Exhibit 6.

26.    The '476 Patent is entitled "Open Network System and Method for I/O Operations with Non-Standard I/O Devices Using an Extended Open Network Protocol" and bears an issuance date of June 14, 2005.  A copy of the '476 Patent is attached hereto as Exhibit 7.

**COUNT I**

**DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 8,457,145**

**(Against Wi-LAN Inc.)**

27.    Apple repeats and realleges the allegations in paragraphs 1–28 as though fully set forth herein.

28.    Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '145 Patent.

29.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30.    A judicial declaration is necessary and appropriate so that the Apple may ascertain its rights regarding the '145 Patent.

**COUNT II**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,457,145**

**(Against Wi-LAN Inc.)**

31.    Apple repeats and realleges the allegations in paragraphs 1–30 as though fully set forth herein.

32.    The '145 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

33.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '145 Patent.

**COUNT III**

**DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 8,462,723**

**(Against Wi-LAN Inc.)**

35.   Apple repeats and realleges the allegations in paragraphs 1–34 as though fully set forth herein.

36.   Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '723 Patent.

37.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '723 Patent.

**COUNT IV**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,462,723**

**(Against Wi-LAN Inc.)**

39.   Apple repeats and realleges the allegations in paragraphs 1–38 as though fully set forth herein.

40.   The '723 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

41.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

42.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '723 Patent.

**COUNT V**

**DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 8,462,761**

**(Against Wi-LAN Inc.)**

43.    Apple repeats and realleges the allegations in paragraphs 1–42 as though fully set forth herein.

44.    Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '761 Patent.

45.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '761 Patent.

**COUNT VI**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,462,761**

**(Against Wi-LAN Inc.)**

47.    Apple repeats and realleges the allegations in paragraphs 1–46 as though fully set forth herein.

48.    The '761 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

49.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '761 Patent.

**COUNT VII**

**DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 8,615,020**

**(Against Wi-LAN Inc.)**

51.    Apple repeats and realleges the allegations in paragraphs 1–50 as though fully set

1   forth herein.

2          52.   Apple has not infringed and does not infringe, directly or indirectly, any valid and

3   enforceable claim of the '020 Patent.

4          53.   As a result of the acts described in the foregoing paragraphs, there exists a

5   substantial controversy of sufficient immediacy and reality to warrant the issuance of a

6   declaratory judgment.

7          54.   A judicial declaration is necessary and appropriate so that Apple may ascertainits

8   rights regarding the '020 Patent.

9                                    **COUNT VIII**

10          **DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,615,020**

11                                **(Against Wi-LAN Inc.)**

12          55.   Apple repeats and realleges the allegations in paragraphs 1–54 as though fully set

13   forth herein.

14          56.   The '020 Patent is invalid for failure to meet the conditions of patentability and/or

15   otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

16          57.   As a result of the acts described in the foregoing paragraphs, there exists a

17   substantial controversy of sufficient immediacy and reality to warrant the issuance of a

18   declaratory judgment.

19          58.   A judicial declaration is necessary and appropriate so that Apple may ascertain its

20   rights regarding the '020 Patent.

21                                    **COUNT IX**

22          **DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 8,537,757**

23                                **(Against Wi-LAN Inc.)**

24          59.   Apple repeats and realleges the allegations in paragraphs 1–58 as though fully set

25   forth herein.

26          60.   Apple has not infringed and does not infringe, directly or indirectly, any valid and

27   enforceable claim of the '757 Patent.

28          61.   As a result of the acts described in the foregoing paragraphs, there exists a

substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

62.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '757 Patent.

## COUNT X

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,537,757

### (Against Wi-LAN Inc.)

63.   Apple repeats and realleges the allegations in paragraphs 1–62 as though fully set forth herein.

64.   The '757 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

65.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

66.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '757 Patent.

## COUNT XI

## DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 6,745,259

### (Against Open Network Solutions Inc.)

67.   Apple repeats and realleges the allegations in paragraphs 1–66 as though fully set forth herein.

68.   Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '259 Patent.

69.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

70.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '259 Patent.

**COUNT XII**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,745,259**

**(Against Open Network Solutions Inc.)**

71.    Apple repeats and realleges the allegations in paragraphs 1–70 as though fully set forth herein.

72.    The '259 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

73.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

74.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '259 Patent.

**COUNT XIII**

**DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 6,907,476**

**(Against Open Network Solutions Inc.)**

75. Apple repeats and realleges the allegations in paragraphs 1–74 as though fully set forth herein.

76.    Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '476 Patent.

77.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

78.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '476 Patent.

**COUNT XIV**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,907,476**

**(Against Open Network Solutions Inc.)**

79.    Apple repeats and realleges the allegations in paragraphs 1–78 as though fully set

forth herein.

80.    The '476 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

81.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

82.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '476 Patent.

**COUNT XV**

**DECLARATION OF UNENFORCEABILITY DUE TO UNCLEAN HANDS**

**(Against All Defendants)**

83.    Apple repeats and realleges the allegations in paragraphs 1–82 as though fully set forth herein.

84.    Wi-LAN has engaged in conduct comprising unclean hands rending the Wi-LAN Patents-In-Suit unenforceable in this action.  Wi-LAN has engaged in a pattern and practice of improper activity to acquire, license, and assert its patents in bad faith, including by making claims of patent infringement with knowledge that the patents are not actually infringed or are invalid.

85.    Moreover, Wi-LAN has asserted its patents against Apple in bad faith.  For example, Wi-LAN sued Apple alleging infringement of U.S. Patent No. RE37,802, but Apple was found not to infringe any of the claims of the that patent.  Wi-LAN also sued Apple alleging infringement of U.S. Patent No. 6,381,211, but the patent was found invalid.  Wi-LAN has recently filed four litigations against Apple and has failed to prevail in any of them.  Yet Wi-LAN continues to target Apple and threaten litigation against it.

86.    ONS, as a subsidiary, is subject to the direction and control of Wi-LAN.  Wi-LAN's conduct comprising unclean hands (as described herein) is therefore attributable to ONS, rendering the ONS patents unenforceable in this action.

87.    As a result of the acts described in the foregoing paragraphs, there exists a

substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

88.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the Wi-LAN and ONS Patents-In-Suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Apple respectfully requests that judgment be entered in its favor and pray that the Court grant the following relief:

A.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '145 Patent;

B.   A declaration that the claims of the '145 Patent are invalid;

C.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '723 Patent;

D.   A declaration that the claims of the '723 Patent are invalid;

E.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '761 Patent;

F.   A declaration that the claims of the '761 Patent are invalid;

G.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '020 Patent;

H.   A declaration that the claims of the '020 Patent are invalid;

I.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '757 Patent;

J.   A declaration that the claims of the '757 Patent are invalid;

K.   declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '259 Patent;

L.   A declaration that the claims of the '259 Patent are invalid;

M.   declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '476 Patent;

N.   A declaration that the claims of the '476 Patent are invalid;

-13-

1    O.    An order declaring that Apple is a prevailing party and that this is an exceptional

2  case, awarding Apple its costs, expenses, disbursements, and reasonable attorney fees under 35

3  U.S.C. § 285 and all other applicable statutes, rules and common law; and

4    P.    Such other and further relief as this Court may deem just and proper.

5

6                                **JURY DEMAND**

7      Apple hereby respectfully demands a trial by jury on all issues and claims so triable.

8
                                          Respectfully submitted,
9  DATED:  June 19, 2014

10                                         /s/ Mark C. Scarsi
                                           Mark C. Scarsi
11                                         mscarsi@milbank.com
                                           Miguel J. Ruiz
12                                         mruiz@milbank.com
                                           Ashlee N. Lin
13                                         ashlee.lin@milbank.com
                                           MILBANK, TWEED, HADLEY & McCLOY LLP
14                                         601 South Figueroa Street, 30th Floor
                                           Los Angeles, CA  90017-5735
15                                         Telephone:     (213) 892-4000
                                           Facsimile:     (213) 629-5063
16

17                                         *Attorneys for Plaintiff Apple Inc.*

18

19

20

21

22

23

24

25

26

27

28