IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>WI-LAN INC.; and OPEN NETWORK SOLUTIONS, INC.,<br><br>    Defendants. | No. C 14-2838 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO SEVER, TRANSFER, AND DISMISS (Docket Nos. 25, 26) |

Plaintiff Apple Inc. brought this action against Defendants Wi-LAN Inc. and Open Network Solutions, Inc. (ONS), seeking declaratory judgment of non-infringement, invalidity, and unenforceability of seven patents.[1]  Each Defendant moves to sever its case from that of the other Defendant, to transfer, and to dismiss certain claims.  Plaintiff opposes the motions.  After considering the parties' submissions and oral argument, the Court GRANTS Wi-LAN's motion (Docket No. 25) to sever and transfer and to dismiss one count with leave to amend; and GRANTS ONS's motion (Docket No. 26) to sever and to dismiss one count with leave to amend, and denies its motion to transfer.

BACKGROUND

The following facts are alleged in the amended complaint. Apple is a corporation located in Cupertino, California, which

---

[1] At issue are United States Patent Nos. 8,457,145; 8,462,723; 8,462,761; 8,615,020; and 8,537,757 (collectively, the Wi-LAN patents-in-suit); and United States Patent Nos. 6,745,259 and 6,907,476 (collectively, the ONS patents-in-suit).

manufactures computers, mobile phones, tablets, portable digital media players, and other consumer electronics products.

Wi-LAN is a Canadian corporation with its principal place of business in Ottawa, Ontario, Canada. ONS is a wholly-owned subsidiary of Wi-LAN, incorporated in Delaware just five months ago.[2] Both Wi-LAN and ONS are primarily in the business of acquiring and asserting patents.

Before Apple initiated this case, Wi-LAN had sued Apple four times: Wi-LAN Inc. v. Acer, Inc., et al., Case No. 2:07-cv-473 (E.D. Texas); Wi-LAN Inc. v. Apple Inc., Case No. 6:11-cv-453 (E.D. Texas); Wi-LAN Inc. v. Apple Inc., Case No. 6:12-cv-920 (E.D. Texas); and Wi-LAN USA, Inc. v. Apple Inc., Case No. 1:12-cv-24318 (S.D. Fla.). The case initially brought in the Southern District of Florida has since been transferred on Apple's motion to the Southern District of California,[3] where it has been assigned the case number 13-cv-798-DMS(BLM) (the 2013 CASD case).

On June 13, 2014, ONS sent a letter to Apple alleging that several Apple products, including Apple TV, the iPhone, the iPad, and the iPod Touch, "fall with[in] the scope of the claims" of the ONS patents-in-suit, and asking Apple to respond by June 27, 2014. Am. Compl. ¶ 18; Decl. Scarsi Ex. D (Docket No. 35-4) (ONS Notice Letter). On June 16, 2014, Wi-LAN sent an email to Apple alleging

---

[2] ONS represents that its corporate headquarters are in Costa Mesa, California.

[3] Wi-LAN USA, Inc. v. Apple Inc., 2013 U.S. Dist. LEXIS 47509 (S.D. Fla.) (ordering transfer to Southern District of California).

2

that various Apple products infringed the Wi-LAN patents-in-suit. Am. Compl. ¶ 15; Decl. Scarsi Ex. I (Docket No. 35-9).

Apple initiated this case on June 19, 2014, by filing its complaint against Wi-LAN; later that same day, Apple filed its amended complaint asserting claims against both Wi-LAN and ONS. On June 23, 2014, Wi-LAN sued Apple in the United States District Court for the Southern District of California, alleging infringement of the same five Wi-LAN patents that are at issue in this case. Wi-LAN, Inc. v. Apple Inc., No. 14-cv-1507-DMS(BLM) (S.D. Cal.) (the 2014 CASD case).[4]

Wi-LAN moves (1) to sever Apple's claims against it from Apple's claims against ONS; (2) to transfer Apple's claims against it to the Southern District of California; and (3) to dismiss Apple's claim for unenforceability due to unclean hands for failure to state a claim upon which relief can be granted.

ONS moves (1) to dismiss Apple's claims against it for lack of declaratory judgment jurisdiction; (2) to dismiss Apple's claim for unenforceability due to unclean hands for failure to state a claim upon which relief may be granted; (3) to sever Apple's claims against it from Apple's claims against Wi-LAN; and (4) to transfer Apple's claims against it to the District of Delaware.

---

[4] In the Southern District of California, that case was reassigned to the Hon. Dana M. Sabraw as related to the 2013 CASD case. Wi-LAN, Inc., No. 14-cv-1507-DMS(BLM), Report of Clerk and Order (Docket No. 7). Apple has moved to dismiss the 2014 CASD case on the basis that its lawsuit in this Court was the first-filed action. Id., Mot. Dismiss (Docket No. 18). That motion is set for decision without oral argument, and the parties have been instructed to advise that court of this Court's ruling on the present motions. Id., Order (Docket No. 23).

3

DISCUSSION

I.  ONS's Motion to Dismiss for Lack of Declaratory Judgment Jurisdiction

ONS argues that, because it gave Apple until June 27, 2014, to respond to the ONS Notice Letter, there was no "substantial conflict" of "sufficient immediacy and reality" to create an actual controversy when Apple filed suit on June 19, 2014, and therefore, the Court lacks declaratory judgment jurisdiction.

The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction, any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  The "actual controversy" requirement of the Declaratory Judgment Act is the same as the "case or controversy" requirement of Article III of the United States Constitution.  Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1337 (Fed. Cir. 2007).  The declaratory judgment plaintiff must establish that the "facts alleged under all the circumstances show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment."  Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 901 (Fed. Cir. 2008) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).  In a patent case, "whether there has been potentially infringing activity or meaningful preparation to conduct potentially infringing activity[] 'remains an important element in the totality of circumstances which must be considered in determining

4

whether a declaratory judgment is appropriate.'"  Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1336 n.4 (Fed. Cir. 2008) (quoting Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 880 (Fed. Cir. 2008)).

Here, the totality of the circumstances--specifically, ONS's history of recent litigation asserting infringement of the ONS patents-in-suit and the content of the ONS Notice Letter--demonstrates that there was an actual controversy when Apple filed this suit.

First, the ONS Notice Letter names several specific Apple products that it alleges "fall within the scope of the claims of the '476 and '259 patents," ONS Notice Letter at 1, and there is no dispute that Apple has engaged in potentially infringing activity.

In addition, "the Federal Circuit and several other courts have held that a patentee's history of litigation with other parties is an appropriate factor for courts to consider in determining whether subject matter jurisdiction exists under the Declaratory Judgment Act." Pharmanet, Inc. v. DataSci LLC, 2009 U.S. Dist. LEXIS 11661, at *19 (D.N.J.) (citing, inter alia, Prasco, 537 F.3d at 1341)).  Here, ONS acknowledges that between May 16, 2014, and June 19, 2014, the date on which Apple initiated this case, ONS filed sixteen suits in the District of Delaware alleging infringement of the ONS patents-in-suit.[5]

---

[5] In addition, ONS filed a seventeenth suit in Delaware the same day that Apple filed this suit, as well as two more suits in the following week, for a total of nineteen suits alleging infringement of the ONS patents-in-suit.

5

District courts have found that notice letters similar to the ONS Notice Letter were sufficient to create an actual controversy. For example, in Pharmanet, the defendant's attorney sent the plaintiffs a letter that identified a patent that the defendant owned, offered to license that patent to the plaintiff, and provided a date by which the defendant expected the plaintiff to respond. 2009 U.S. Dist. LEXIS 11661, at *5-6. Rather than responding, the plaintiff filed suit seeking declaratory judgment of non-infringement and invalidity. Id. at 6-7. Notwithstanding the fact that the deadline in the defendant's notice letter had not passed when the lawsuit was filed, the district court found that it was "objectively reasonable for a reader to perceive that failure to respond by that date would result in the filing of an infringement suit against them." Id. at *27-28. Ultimately, the Pharmanet court held that the defendant's notice letter, combined with the defendant's prior litigation involving the patent at issue and other factors, was "sufficient to establish an Article III case or controversy between the parties." Id. at *28-29.

Similarly, in Crutchfield New Media, LLC v. Charles E. Hill & Assocs., Inc., 2007 U.S. Dist. LEXIS 33264 (S.D. Ind.), the defendant sent a letter to the plaintiff that (1) provided information about certain patents that it owned and litigation it had pursued concerning those patents, and (2) provided a deadline for the plaintiff to take a license under those patents. Id. at *2. The district court found that the contents of that letter "indicate to any reasonable reader that a substantial controversy exists between parties with adverse legal interests and it is of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id. at *6.

The ONS Notice Letter is substantially similar to the notice letters at issue in Pharmanet and Crutchfield: it (1) advised Apple that ONS has retained counsel, (2) identified specific patents and alleged that various Apple products "fall within the scope of the claims" of those patents, (3) offered an opportunity to "discuss" those patents, and (4) provided a deadline by which ONS expected a response.  Therefore, the Court finds that the ONS Notice Letter, considered in the context of ONS's recent Delaware litigation asserting infringement of the ONS patents-in-suit, created an actual controversy sufficient to establish declaratory judgment jurisdiction, and ONS's motion to dismiss Apple's declaratory judgment claims is DENIED.

II.  Motions to Sever

Each Defendant argues that Apple's claims against it are improperly joined with claims against the other Defendant and should be severed.

Parties may be joined as defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way--that is, if there is not "similarity in the factual background."  Coughlin v. Rogers, 130

7

F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to support similarity when the specifics are different. Id.

Federal Rule of Civil Procedure 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." A court, in its discretion, may sever parties, "so long as no substantial right will be prejudiced by the severance." Coughlin, 130 F.3d at 1350. The court may sever the claims against a party in the interest of fairness and judicial economy and to avoid prejudice, delay or expense. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296-97 (9th Cir. 2000).

Apple argues that its non-infringement and invalidity claims "will raise common issues of law and fact" because certain Apple products are alleged to infringe both Wi-LAN patents-in-suit and ONS patents-in-suit. It further argues that its unclean hands claim against both Defendants arises out of the same transaction or occurrences. However, the Court dismisses that claim against ONS, see Part IV, infra, so it does not serve as a basis to warrant joinder of Apple's non-infringement and invalidity claims against Wi-LAN and ONS.

Defendants' motions to sever are GRANTED, and Apple's claims against ONS are hereby SEVERED from this action.

III. Motions to Transfer

    A.    Wi-LAN's Motion to Transfer to the Southern District of California

Wi-LAN argues (1) that the first-to-file rule requires transfer of Apple's case against it to the Southern District of

California; and, in the alternative, (2) that transfer is appropriate under 28 U.S.C. § 1404(a).

### 1.  The First-to-File Rule

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).  This doctrine, known as the first-to-file rule, "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Northwest Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).  In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

When cases between the same parties raising the same issues are pending in two or more federal districts, the general rule is to favor the forum of the first-filed action, regardless of whether it is a declaratory judgment action. Micron Tech, 518 F.3d at 904.  The court of the actual first-filed case should rule on motions to dismiss or transfer based on exceptions to the first-to-file rule or on the convenience factors. See id.  Here, the parties dispute which is the first-filed action.  Apple argues that the first-filed action is the present suit, which was filed before Wi-LAN filed the 2014 CASD case.  Wi-LAN argues that the

9

2014 CASD case is the first-filed action because it is related to the 2013 CASD case, which predates the present suit (and which was initially filed in 2012 in the Southern District of Florida).

Although the earlier 2013 CASD case involves the same parties[6] and similar patents, that does not render the 2014 CASD case first-filed over this case.  This case was filed first of the two, and this Court will proceed to determine whether it should nonetheless be transferred to the Southern District of California based on an exception to the rule or based on the convenience factors under 28 U.S.C. § 1404(a).  The first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly."  Church of Scientology of Calif. v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979).  The rule favors the forum of the first-filed case "unless consideration of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise."  Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1347 (Fed. Cir. 2005).  No such exception to the first-to-file rule is found here.

    2. Transfer Pursuant to 28 U.S.C. § 1404(a)

Title 28 U.S.C. § 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A district court has broad discretion to adjudicate motions for transfer on a case-by-

---

[6] Both Wi-LAN, Inc. (Defendant in the present case) and Wi-LAN USA, Inc. are plaintiffs in the 2014 CASD case; however, neither party alleges that this distinction constitutes a material difference in the makeup of the parties in these actions.

10

case basis, considering factors of convenience and fairness. See Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988). Under § 1404(a), the district court may consider: (1) the location where the relevant events occurred, (2) the forum that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two fora, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). The party seeking transfer bears the burden of proof and generally "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Where transfer under § 1404(a) would promote judicial economy, such transfer may be "in the interest of justice." London & Hull Mar. Ltd. v. Eagle Pac. Ins. Co., 1996 U.S. Dist. LEXIS 22893, *12-13 (N.D. Cal.). Here, the Court finds that judicial economy and the interests of justice, as well as the second, seventh, and eighth GNC Franchising factors, favor transfer to the Southern District of California.

The second GNC Franchising factor, which forum is more familiar with the governing law, strongly favors transfer. Although both the Northern District of California and the Southern District of California are familiar with patent law, the Southern

11

District is much more familiar with the law as applied to the patents at issue. Of the five Wi-LAN patents-in-suit, one is a continuation of one of the patents in the 2013 CASD case, and three others are continuations in part of that same patent. Thus, four of the five Wi-LAN patents-in-suit in the present case share the same or substantially the same patent specifications and drawings with one of the 2013 CASD case patents, and involve overlapping claims. Apple acknowledges that "[m]ost of the Wi-LAN Patents-In-Suit are included in the same patent family as one of the patents at issue in" the 2013 CASD case. Am. Compl. ¶ 15. In presiding over the 2013 CASD case, Judge Sabraw has developed a familiarity with the technical issues and has issued a Markman ruling. The Southern District's familiarity with the technical issues in this case makes the Southern District a more efficient venue for judicial economy.

In addition, the seventh and eighth GNC Franchising factors, the availability of compulsory process and the ease of access to sources of proof, strongly favor transfer. As Apple acknowledged when it sought transfer of the 2013 CASD case from Florida, many of the inventors and other witnesses reside in the Southern District of California--the same inventors and other witnesses that Apple now proposes to bring to the Northern District of California. "The convenience of non-party witnesses should be given significant consideration because they may be compelled to testify unwillingly." Ambriz v. Matheson Tri-Gas, 2014 U.S. Dist. LEXIS 79660, at *8 (N.D. Cal.) (citing Strigliabotti v. Franklin Res., Inc., 2004 U.S. Dist. LEXIS 31965, at *17 (N.D. Cal.)).

Although Plaintiff's choice of forum is given weight, the Court finds that these factors outweigh Plaintiff's choice in this case. Wi-LAN's motion to transfer is GRANTED. After severance of the claims against ONS, Apple's claims against Wi-LAN will be TRANSFERRED to the Southern District of California.

B.   ONS's Motion to Transfer to the District of Delaware

ONS argues that transfer of the claims against it to the District of Delaware is appropriate under 28 U.S.C. § 1404(a) and would promote efficiency by allowing Apple's non-infringement and invalidity claims to be consolidated with ONS's various infringement lawsuits against other defendants, all of which concern the same ONS patents-in-suit.

Although transfer to a court familiar with the patents-in-suit may promote efficiency, that alone is not dispositive. Micron Tech, 518 F.3d at 905; see also MedImmune, LLC v. PDL BioPharma, Inc., 2009 U.S. Dist. LEXIS 36765, at *9 (N.D. Cal.) (same); ICU Med., Inc. v. Rymed Techs., Inc., 2008 U.S. Dist. LEXIS 4983, at *13 (D. Del.) (same). In MedImmune, a court in this District denied a motion to transfer to the District of Delaware, where a case involving some of the same patents (but brought by PDL BioPharma against a different defendant) remained in its early stages. 2009 U.S. Dist. LEXIS 36765, at *10. Here, ONS's motion to transfer is similar to that in MedImmune, where the potential transferee court may be familiar with the patents at issue but not with all of the parties. Wi-LAN's motion to transfer differs, because the Southern District of California already is familiar with both the patents and the parties.

13

Although, as ONS argues, transfer of Apple's claims against ONS to the District of Delaware might avoid conflicting claim constructions, should that court complete its claim constructions first this Court would "accord deference to the prior claim construction ruling as persuasive authority." Id. at *10 (citing Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1570 (Fed. Cir. 1993)). In addition, ONS argues that litigation in a single district would be more convenient for both the parties and the witnesses than litigation in two widely separated districts. However, both Apple and ONS have their headquarters in California, and Apple represents that many of its potential witnesses are in California.

Ultimately, whatever marginal convenience might be achieved by transfer of this case to the District of Delaware is not sufficient to overcome the presumption in favor of a plaintiff's choice of forum, and the motion to transfer Apple's claims against ONS to Delaware is DENIED.

IV. Motions to Dismiss Apple's Count XV (Unenforceability due to Unclean Hands) Pursuant to Rule 12(b)(6)

Wi-LAN and ONS both argue that Apple has failed to allege facts sufficient to state a claim for unenforceability due to unclean hands.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v.

14

Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

A. Wi-LAN's Motion

A plaintiff alleging unenforceability for unclean hands in a patent action must allege facts demonstrating "bad faith and an improper purpose." Reid-Ashman Mfg. v. Swanson Semiconducter Serv. LLC, 2007 U.S. Dist. LEXIS 37665, at *22 (N.D. Cal.) (citing Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, 45 F.3d 550, 1558 (Fed. Cir. 1995)).

Apple alleges that "Wi-LAN has engaged in a pattern and practice of improper activity to acquire, license, and assert its

15

patents in bad faith, including by making claims of patent infringement with knowledge that the patents are not actually infringed or are invalid."  Am. Compl. ¶ 84.  However, Apple's amended complaint merely alleges that Wi-LAN has been unsuccessful in two prior patent suits against Apple, and that four other suits have not yet been decided.  Id. at ¶ 85.  There are no facts alleged in the amended complaint that would suggest that any of those suits were brought in bad faith or for an improper purpose.

Apple's mere recitation of the elements of an unclean hands claim, without any factual allegations whatsoever, is not sufficient to state a claim against Wi-LAN.  Therefore, Wi-LAN's motion to dismiss this claim is GRANTED.  However, Apple is granted leave to amend in order to plead sufficient facts to support its claim that Wi-LAN engaged in conduct comprising unclean hands, if it can truthfully do so.

B.  ONS's Motion

In its amended complaint, Apple alleges no specific facts accusing ONS of acting in bad faith or with improper purpose.  Instead, Apple merely generally alleges that:

> ONS, as a subsidiary, is subject to the direction and control of Wi-LAN.  Wi-LAN's conduct comprising unclean hands (as described herein) is therefore attributable to ONS, rendering the ONS patents unenforceable in this action.

Am. Compl. ¶ 86.

Again, the mere recitation of the elements of an unclean hands claim, without any factual allegations whatsoever, is not sufficient to state a claim.  ONS's motion to dismiss this claim is GRANTED.  However, Apple is granted leave to amend in order to

16

plead sufficient facts to support its claim that ONS engaged in conduct comprising unclean hands, if it can truthfully do so.

## CONCLUSION

For the reasons set forth above, Wi-LAN's motion to sever and transfer, and to dismiss the unclean hands cause of action (Docket No. 25), is GRANTED. Within seven days of the date of this order, Apple shall file a second amended complaint in this case asserting <u>only</u> its claims against Wi-LAN, and Apple is granted leave to allege in that amended complaint specific facts showing that Wi-LAN engaged in conduct comprising unclean hands. Upon filing of the second amended complaint, the Court will transfer it to the Southern District of California.

In addition, ONS's motion to sever, transfer, and dismiss (Docket No. 26) is GRANTED in part and DENIED in part. The motion to sever is granted; the motion to transfer is denied; and the motion to dismiss the unclean hands claim is granted with leave to amend. If Apple wishes to pursue claims against ONS, it shall, within seven days of the date of this order, file a new complaint (with a notice of related case referring to the present action); Apple is granted leave to allege in that complaint specific facts showing that ONS engaged in conduct comprising unclean hands.

IT IS SO ORDERED.

Dated: 9/11/2014

CLAUDIA WILKEN
United States District Judge

17